[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #169.00
The parties in this action are plaintiff Lichtman Associates , Inc., which appears from the partial file available at this time to be an insurance broker. The original defendant/third-party plaintiff(s) is/are the Braca Entities, a group of businesses which architect John Braca owns and/or operates. The third-party defendants are two insurers, Aetna Casualty Surety Co. ("Aetna") and CIGNA Insurance Company ("CIGNA"). The documents presently available disclose that a dispute has arisen as to certain insurance policies purchased by Braca through Lichtman from Aetna and CIGNA. Lichtman has sued Braca to recover amounts owed on a contract between Lichtman and Braca, whereby Lichtman allegedly advanced sums to Aetna and CIGNA on Braca's behalf to procure insurance coverage. Braca has impleaded the insurers because he believes that: the moneys claimed by Lichtman are wrongly calculated and/or were never advanced and the insurers had an obligation to supervise Lichtman's practices to protect such as Braca from the overcharging and/or other oppressive practices. The third-party complaint currently being challenged represents Braca's third attempt to offer a viable impleader complaint. The first two were stricken as legally insufficient.
The third-party defendant Aetna has moved to strike the third party amended complaint, arguing that it fails as a matter of law, inasmuch as it attempts to implead Aetna for breach of contract, and the impleader statute in fact is limited to indemnity claims.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988) (citing Connecticut Practice Book 152). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion to strike does not CT Page 4373 admit legal conclusions or the truth of accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985).
Connecticut General Statutes 52-102a is the basis upon which Braca has relied for the impleading of Aetna and CIGNA. The statute provides, in pertinent part: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." In moving to strike the impleader complaint, Aetna argues that the plain language of this statute limits its application to indemnification claims, and that any allegations of a breach of contractual duty to Braca by Aetna are not within the statute's ambit.
The obligations of the contract between the first-party plaintiff and the first-party defendant are not properly the subject of an indemnification claim here. This is, as the movant insurer properly states, not an indemnification scenario.
The third-party defendant's motion to strike the- first and second counts of third-party plaintiff's Third Amended Complaint is granted because the statute relied on for the impleading of the third-party defendant is limited to indemnification claims, the elements of which are not alleged or present in this situation. There are other statutes and or Practice Book sections which may be available to the third-party plaintiff. The third-party complaint alleges a basis for liability other than indemnification, is legally insufficient and the Motion to Strike is granted.
BALLEN, JUDGE